**Fill in this information to identify the case:**

Debtor 1  Richard Cosson
Debtor 2
(Spouse, if filing)
United States Bankruptcy Court   Northern District of Illinois
Case number: 18-81772

FILED
U.S. Bankruptcy Court
Northern District of Illinois
9/28/2018
Jeffrey P. Allsteadt, Clerk

EXHIBIT A

# Official Form 410
## Proof of Claim

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Falcon Greens Townhome Association
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Falcon Greens Townhome Association

Name
Keay & Costello, P.C.
128 S. County Farm Road
Wheaton, IL 60187

Contact phone   630-690-6446
Contact email   ben@keaycostello.com

Where should payments to the creditor be sent? (if different)

Name

Contact phone
Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing?

Official Form 410                    Proof of Claim                    page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☒ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
| 7. How much is the claim? | $ 795.00    **Does this amount include interest or other charges?**<br>☐ No<br>☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Association common expense |
| 9. Is all or part of the claim secured? | ☐ No<br>☒ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☒ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** Association lien<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ 190000.00<br>**Amount of the claim that is secured:** $ 795.00<br>**Amount of the claim that is unsecured:** $ 0.00   (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>**Annual Interest Rate** (when case was filed) _____ %<br>☒ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☒ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |
| 11. Is this claim subject to a right of setoff? | ☒ No<br>☐ Yes. Identify the property: _____ |

Official Form 410    Proof of Claim    page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. Check all that apply: | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |
| | * Amounts are subject to adjustment on 4/1/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    9/28/2018
                    MM / DD / YYYY

/s/ Benjamin J. Rooney
Signature

Print the name of the person who is completing and signing this claim:

Name         Benjamin J. Rooney
             First name    Middle name    Last name

Title

Company      Keay & Costello, P.C.
             Identify the corporate servicer as the company if the authorized agent is a servicer

Address      128 S. County Farm Road
             Number   Street
             Wheaton, IL 60187
             City   State   ZIP Code

Contact phone   630-690-6446      Email   ben@keaycostello.com

Official Form 410                    Proof of Claim                    page 3

Resident Transaction Report
Falcon Greens Townhome Association
Dates 03/01/2014 to 09/25/2018

1H-C000  Falcon Greens T/H
Lakewood IL  60014

| Unit | Space | Resident | Type | Date | CC | Description | Check | Amount | Balance |
|---|---|---|---|---|---|---|---|---|---|
| | | | Pay | 03/07/2017 | | Lckbx Pmt | 001072 | -175.00 | 10.00 |
| | | | Chg | 04/01/2017 | MA | Monthly Assessment | | 175.00 | 185.00 |
| | | | Pay | 04/05/2017 | | Lckbx Pmt | 001075 | -175.00 | 10.00 |
| | | | Chg | 05/01/2017 | MA | Monthly Assessment | | 175.00 | 185.00 |
| | | | Pay | 05/05/2017 | | Lckbx Pmt | 001078 | -175.00 | 10.00 |
| | | | Chg | 06/01/2017 | MA | Monthly Assessment | | 175.00 | 185.00 |
| | | | Pay | 06/06/2017 | | Lckbx Pmt | 001079 | -175.00 | 10.00 |
| | | | Chg | 07/01/2017 | MA | Monthly Assessment | | 175.00 | 185.00 |
| | | | Pay | 07/10/2017 | | Lckbx Pmt | 001082 | -175.00 | 10.00 |
| | | | Chg | 07/19/2017 | NS | NSF Fee | | 45.00 | 55.00 |
| | | | Chg | 07/19/2017 | LF | Late Fee | | 17.50 | 72.50 |
| | | | Rev | 07/19/2017 | | NSF | 001082 | 175.00 | 247.50 |
| | | | Pay | 07/28/2017 | | Lckbx Pmt | 001083 | -175.00 | 72.50 |
| | | | Chg | 08/01/2017 | MA | Monthly Assessment | | 175.00 | 247.50 |
| | | | Pay | 08/07/2017 | | Lckbx Pmt | 001124 | -185.00 | 62.50 |
| | | | Cr | 08/29/2017 | LF | 1x Cortesy HR | | -17.50 | 45.00 |
| | | | Chg | 09/01/2017 | MA | Monthly Assessment | | 175.00 | 220.00 |
| | | | Pay | 09/05/2017 | | Lckbx Pmt | 001085 | -185.00 | 35.00 |
| | | | Chg | 10/01/2017 | MA | Monthly Assessment | | 175.00 | 210.00 |
| | | | Pay | 10/10/2017 | | Lckbx Pmt | 001126 | -185.00 | 25.00 |
| | | | Chg | 11/01/2017 | MA | Monthly Assessment | | 175.00 | 200.00 |
| | | | Pay | 11/03/2017 | | Lckbx Pmt | 001129 | -185.00 | 15.00 |
| | | | Chg | 12/01/2017 | MA | Monthly Assessment | | 175.00 | 190.00 |
| | | | Pay | 12/06/2017 | | Lckbx Pmt | 001131 | -180.00 | 10.00 |
| | | | Chg | 01/01/2018 | MA | Monthly Assessment | | 175.00 | 185.00 |
| | | | Pay | 01/08/2018 | | Lckbx Pmt | 001133 | -180.00 | 5.00 |
| | | | Chg | 02/01/2018 | MA | Monthly Assessment | | 175.00 | 180.00 |
| | | | Pay | 02/06/2018 | | Lckbx Pmt | 001136 | -180.00 | 0.00 |
| | | | Chg | 03/01/2018 | MA | Monthly Assessment | | 175.00 | 175.00 |
| | | | Pay | 03/05/2018 | | Lckbx Pmt | 001137 | -175.00 | 0.00 |
| | | | Chg | 04/01/2018 | MA | Monthly Assessment | | 175.00 | 175.00 |
| | | | Pay | 04/06/2018 | | Lckbx Pmt | 001101 | -175.00 | 0.00 |
| | | | Chg | 05/01/2018 | MA | Monthly Assessment | | 175.00 | 175.00 |
| | | | Pay | 05/08/2018 | | Lckbx Pmt | 001103 | -175.00 | 0.00 |
| | | | Chg | 06/01/2018 | MA | Monthly Assessment | | 175.00 | 175.00 |
| | | | Chg | 06/17/2018 | LF | Late Fee | | 17.50 | 192.50 |
| | | | Chg | 07/01/2018 | MA | Monthly Assessment | | 175.00 | 367.50 |
| | | | Chg | 07/02/2018 | 30 | 1st Notice | | 35.00 | 402.50 |
| | | | Pay | 07/06/2018 | | Lckbx Pmt | 001141 | -185.00 | 217.50 |
| | | | Chg | 07/16/2018 | LF | Late Fee | | 16.50 | 234.00 |
| | | | Cr | 07/16/2018 | LF | CREDIT | | -16.50 | 217.50 |
| | | | Chg | 08/01/2018 | MA | Monthly Assessment | | 175.00 | 392.50 |
| | | | Chg | 08/02/2018 | 30 | 1st Notice | | 35.00 | 427.50 |
| | | | Chg | 08/16/2018 | LF | Late Fee | | 17.50 | 445.00 |
| | | | Chg | 08/16/2018 | 45 | 2nd Notice | | 50.00 | 495.00 |

*9-28-18 BK Legal fee      300.00    795.00*

1H-C000  Falcon Greens T/H
Lakewood IL  60014

| Unit | Space | Resident | Type | Date | CC | Description | Check | Amount | Balance |
|---|---|---|---|---|---|---|---|---|---|
| 8373 | 02 | Richard Cosson | App# | 41392 | | | Beg Bal | | 0.00 |
| | | 8373 Condor Circle | Chg | 03/01/2014 | CS | Monthly Assessment | | 165.00 | 165.00 |
| | | Lakewood IL 60014 | Chg | 03/01/2014 | CS | Monthly Assessment | | 165.00 | 330.00 |
| | | | Cr | 03/01/2014 | CS | Monthly Asssessment | | -165.00 | 165.00 |
| | | 8373 Condor Circle | Pay | 03/03/2014 | | Lckbx Pmt | 001020 | -165.00 | 0.00 |
| | | Lakewood IL 60014 | Chg | 04/01/2014 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 04/04/2014 | | Lckbx Pmt | 001022 | -165.00 | 0.00 |
| | | | Chg | 05/01/2014 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 05/02/2014 | | Lckbx Pmt | 001024 | -165.00 | 0.00 |
| | | | Chg | 06/01/2014 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 06/02/2014 | | Lckbx Pmt | 001026 | -165.00 | 0.00 |
| | | | Chg | 07/01/2014 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 07/03/2014 | | Lckbx Pmt | 001028 | -165.00 | 0.00 |
| | | | Chg | 08/01/2014 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 08/05/2014 | | Lckbx Pmt | 001029 | -165.00 | 0.00 |
| | | | Chg | 09/01/2014 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 09/04/2014 | | Lckbx Pmt | 001030 | -165.00 | 0.00 |
| | | | Chg | 10/01/2014 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 10/03/2014 | | Lckbx Pmt | 001036 | -165.00 | 0.00 |
| | | | Chg | 11/01/2014 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 11/03/2014 | | Lckbx Pmt | 001038 | -165.00 | 0.00 |
| | | | Chg | 12/01/2014 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 12/03/2014 | | Lckbx Pmt | 001061 | -165.00 | 0.00 |
| | | | Chg | 01/01/2015 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 01/05/2015 | | Lckbx Pmt | 001062 | -165.00 | 0.00 |
| | | | Chg | 02/01/2015 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 02/02/2015 | | Lckbx Pmt | 001064 | -165.00 | 0.00 |
| | | | Chg | 03/01/2015 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 03/05/2015 | | Lckbx Pmt | 001065 | -165.00 | 0.00 |
| | | | Chg | 04/01/2015 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 04/01/2015 | | Lckbx Pmt | 001068 | -165.00 | 0.00 |
| | | | Chg | 05/01/2015 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 05/05/2015 | | Lckbx Pmt | 001069 | -165.00 | 0.00 |
| | | | Pay | 05/29/2015 | | Lckbx Pmt | 001070 | -165.00 | -165.00 |
| | | | Chg | 06/01/2015 | MA | Monthly Assessment | | 165.00 | 0.00 |
| | | | Chg | 07/01/2015 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 07/02/2015 | | Lckbx Pmt | 001039 | -165.00 | 0.00 |
| | | | Chg | 08/01/2015 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 08/07/2015 | | Lckbx Pmt | 001040 | -165.00 | 0.00 |
| | | | Chg | 09/01/2015 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 09/04/2015 | | Lckbx Pmt | 001041 | -165.00 | 0.00 |
| | | | Chg | 10/01/2015 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 10/05/2015 | | Lckbx Pmt | 001042 | -165.00 | 0.00 |
| | | | Chg | 11/01/2015 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 11/05/2015 | | Lckbx Pmt | 001043 | -165.00 | 0.00 |
| | | | Chg | 12/01/2015 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 12/04/2015 | | Lckbx Pmt | 001044 | -165.00 | 0.00 |
| | | | Chg | 01/01/2016 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 01/07/2016 | | Lckbx Pmt | 001045 | -165.00 | 0.00 |
| | | | Chg | 02/01/2016 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 02/05/2016 | | Lckbx Pmt | 001071 | -165.00 | 0.00 |
| | | | Chg | 03/01/2016 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 03/08/2016 | | Lckbx Pmt | 001092 | -165.00 | 0.00 |
| | | | Chg | 04/01/2016 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 04/04/2016 | | Lckbx Pmt | 001094 | -165.00 | 0.00 |
| | | | Chg | 05/01/2016 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 05/05/2016 | | Lckbx Pmt | 001046 | -165.00 | 0.00 |
| | | | Chg | 06/01/2016 | MA | Monthly Assessment | | 165.00 | 165.00 |
| | | | Pay | 06/03/2016 | | Lckbx Pmt | 001048 | -175.00 | -10.00 |
| | | | Chg | 06/15/2016 | MA | June Asmt Increase | | 10.00 | 0.00 |
| | | | Chg | 07/01/2016 | MA | Monthly Assessment | | 175.00 | 175.00 |
| | | | Pay | 07/05/2016 | | Lckbx Pmt | 001051 | -175.00 | 0.00 |
| | | | Chg | 08/01/2016 | MA | Monthly Assessment | | 175.00 | 175.00 |
| | | | Pay | 08/02/2016 | | Lckbx Pmt | 001052 | -175.00 | 0.00 |
| | | | Chg | 09/01/2016 | MA | Monthly Assessment | | 175.00 | 175.00 |
| | | | Pay | 09/06/2016 | | Lckbx Pmt | 001055 | -175.00 | 0.00 |
| | | | Chg | 10/01/2016 | MA | Monthly Assessment | | 175.00 | 175.00 |
| | | | Pay | 10/04/2016 | | Lckbx Pmt | 001056 | -165.00 | 10.00 |
| | | | Chg | 11/01/2016 | MA | Monthly Assessment | | 175.00 | 185.00 |
| | | | Pay | 11/03/2016 | | Lckbx Pmt | 001058 | -175.00 | 10.00 |
| | | | Chg | 12/01/2016 | MA | Monthly Assessment | | 175.00 | 185.00 |
| | | | Pay | 12/06/2016 | | Lckbx Pmt | 001096 | -175.00 | 10.00 |
| | | | Chg | 01/01/2017 | MA | Monthly Assessment | | 175.00 | 185.00 |
| | | | Pay | 01/03/2017 | | Lckbx Pmt | 001098 | -175.00 | 10.00 |
| | | | Chg | 02/01/2017 | MA | Monthly Assessment | | 175.00 | 185.00 |
| | | | Pay | 02/07/2017 | | Lckbx Pmt | 001121 | -175.00 | 10.00 |
| | | | Chg | 03/01/2017 | MA | Monthly Assessment | | 175.00 | 185.00 |

5/1571

# DECLARATION OF COVENANTS, CONDITIONS, EASEMENTS AND RESTRICTIONS FOR FALCON GREENS TOWNHOME ASSOCIATION

MCHENRY COUNTY RECORDER
PHYLLIS K. WALTERS

1999R0008348

01-29-1999 4:30 PM

RECORDING FEE 47.00
PAGES 36
COUNTY STAMP FEE
STATE STAMP FEE

THIS DECLARATION made this 27th day of January, 1999, by THE MIDWEST TRUST SERVICES, INC., as Trustee U/T/A Dated June 25, 1997, and known as Trust No. 97-1-7192 (hereinafter referred to as "Declarant").

## WITNESSETH:

WHEREAS, Declarant is the owner of real property located in the Village of Lakewood, McHenry County, Illinois (the "Property"), which Property is legally described as follows:

THE TOWNHOMES OF FALCON GREENS, BEING A SUBDIVISION OF PART OF THE WEST HALF OF THE NORTHWEST QUARTER OF SECTION 13, AND PART OF THE EAST HALF OF THE NORTH-EAST QUARTER OF SECTION 14, TOWNSHIP 43 NORTH, RANGE 7, EAST OF THE THIRD PRINCIPAL MERIDIAN; ACCORDING TO THE PLAT THEREOF RECORDED JULY 17, 1998 AS DOCUMENT NUMBER 98-R-00046260, IN MCHENRY COUNTY, ILLINOIS.

WHEREAS, it is intended that the Property will be improved by the construction thereon of residential Townhomes on separate lots; and

WHEREAS, Declarant desires to establish certain rights, easements and privileges in, over and upon the Property and to impose certain covenants, conditions, restrictions and obligations with respect to the proper use, conduct and maintenance thereof, as hereinafter set forth, for the benefit of all owners, and the Village of Lakewood as a third party beneficiary to this Declaration, with the intent that all owners, occupants and mortgagees of the Property or portions thereof and persons hereinafter acquiring any interest in the Property, shall hold their respective interests subject thereto; and

WHEREAS, such rights, easements, privileges, covenants, conditions, restrictions and obligations are intended to promote and protect the quality of the Property and are established for the purposes of preserving, enhancing and perfecting the value and attractiveness thereof.

99-05-0194

## ARTICLE IX

## PARTY WALLS

1. Each wall which is built as a part of the original construction of the Townhomes upon the Property and placed on the dividing line between the Lots or Sublots and/or serves two or more Townhomes shall constitute a party wall and, to the extent not inconsistent with the provisions of this Article, the general rules of law regarding party walls and of liability for property damage due to negligence or willful acts or omissions shall apply thereto.

2. The cost of reasonable repair, maintenance and replacement of a party wall shall be shared equally by the Owners who use said party wall.

3. If a party wall is destroyed or damaged by fire or other casualty, any Owner who has used the wall may restore it, and the other Owner(s) who share the use of the wall shall contribute to the cost of restoration thereof in proportion to such use without prejudice, however, to the right of any such Owner to call for a larger contribution from others under any rule of law regarding liability for negligent or willful acts or omissions.

4. Notwithstanding any other provisions of this Article, an Owner who by his negligence or willful act causes a party wall to be exposed to the elements shall bear the whole cost of furnishing the necessary protection against such elements.

5. The right of any Owner to contribution from any other Owner under this Article shall be appurtenant to the land and shall pass to such Owner's successors in title.

## ARTICLE X

## ASSESSMENTS

1. Each Owner by acceptance of a deed of conveyance agrees to pay to the Association assessments representing his share of maintenance assessments and other assessments provided for or permitted for the proper operation and administration of the Property, the Common Area, any Retention or Detention Areas, and the Wetland Preservation Easement Area, together with any special assessments assessed by the Board. All assessments, together with interest as provided for by the Board, all costs and reasonable attorney's fees relating to the collection of unpaid assessments shall be a personal obligation of the Owner at the time the assessment is due. Such assessments, costs, attorneys fees and charges as set forth above shall further bind successor owners or grantees and be a continuing lien on the individual Lot or Townhome until paid in full. The Developer or Declarant is not obligated to pay assessments herein, but Developer shall contribute the amount, if any, by which Common Area expenses exceed assessments collected. Additionally, Developer will pay assessments on any Townhome leased by Developer or Declarant to any person and for which rent is being received by Developer or Declarant.

99-05-0204

2. Prior to December 1st of each year, the Board shall prepare a budget of expenses anticipated for the maintenance, repair, replacement and administration of the Property pursuant to the terms of this Declaration, together with an amount calculated to provide a reasonable reserve for emergencies. The Board shall notify every Owner in writing of said proposed budget a minimum of thirty (30) days prior to the annual meeting of the Members at which time said budget shall be discussed. Regular and special assessments shall be levied equally to and against every Owner, except as otherwise provided herein, and shall be payable in installments as set forth by the Board. By March 15th of each year, the Board shall furnish each Owner a statement of accounting for the expenses and income from the preceding calendar year incurred and paid. Any excess amounts accumulated will be deposited into the reserve account of the Association. At any time, the Board is authorized to adopt and issue a supplemental budget in cases of emergency, unforeseen expenses or if cash or anticipated cash is unavailable or inadequate to pay for or complete operating expenses or other expenses of the Association. As with an annual budget or a proposed annual budget, written notice shall be served by the Board on every Owner setting forth the amount due and the reason for any supplemental budget or assessment.

3. The Declarant or Developer has the right to collect from each Purchaser of a Townhome, at the time of the initial closing of the purchase thereof, an amount equal to three (3) times the monthly assessment allocable. Such amount collected shall be collected uniformly from the initial purchaser of each Townhome. <u>The amounts so collected shall be for the purpose of establishing a reserve for the Association, to be used for the common expenses</u>. These monies, together with any interest earned thereon shall be turned over to the Association at such time that a majority of the Board of Directors is comprised of a majority of members unaffiliated with the Developer or Declarant. Under no circumstances shall these monies be used for the interim expenses of the Developer or the Declarant prior to the time described above.

4. The failure of the Board to prepare or serve notice of any budget or anticipated budget does not constitute any waiver or release form the obligation of any Owner to pay assessments. In such instance of such failure by the Board, assessments will be due in the same manner and in the same amount as they were for the preceding year until the new budget is furnished all Owners and approved by the Board.

5. The fixing of assessments and the manner in which they are payable together with the amounts of any special or regular annual assessments is solely the duty and responsibility of the Board of the Association.

6. The Board shall maintain or cause to be maintained, kept and preserved, books and records reflecting an accurate accounting of all receipts and expenditures of the Association, which records shall be available for inspection by any Owner or any first mortgagee of record at reasonable times as may be requested. Every Owner shall be entitled to receive a statement of his account at any time upon notice to the Association and upon payment of a reasonable fee which may be charged

99-05-0205

by the Association. Non-use or abandonment by an Owner shall not serve to release or waive any rights against said Owner for assessments due herein.

7. The lien of the Association shall be subordinate to the lien of any mortgage or any other encumbrance recorded prior to the lien of the Association. The provisions of this paragraph 7 cannot be amended, changed or modified unless first consented to in writing by all mortgagees of record in the Development.

8. In the event of any default by an Owner in the performance of his obligations under this Declaration, the By-Laws or rules or regulations of the Association, the Board, in addition to an action for the collection of assessments and foreclosure of the lien, shall have the authority to exercise all rights and remedies provided in the Illinois Forcible Entry and Detainer Act or as otherwise available at law or in equity.

9. The Board may cause to be discharged any Mechanic's Lien or other encumbrance which in the opinion of the Board may constitute a lien against the Common Area. Where less than all of the Owners are responsible for the existence of said lien, such Owners responsible shall be jointly and severally liable for the amount necessary to discharge the same, and for all costs and expenses, reasonable attorneys' fees and court costs, incurred by reason of the lien.

## ARTICLE XI

## INSURANCE

1. The Board may obtain insurance coverage, if available, for the Common Area, any Stormwater Detention or Retention Areas, the Wetland Preservation Easement Area, including all improvements, systems, mechanical and operating devices thereon, to the extent deemed necessary by the Board with said coverage specifically excluding the individual Townhomes, and all alterations and additions and improvements now or in the future located thereon to insure against loss or damage by fire and such other hazards covered under standard extended coverage provisions and such other perils as the Board from time to time may determine should be included in such coverage. The insurance may be for full insurable replacement value. Such insurance coverage shall be written in favor of and the proceeds of such insurance shall be payable to the Association, as trustees for the Owners of any property damaged or destroyed. Subject to the provisions of Article V Section 4 hereof and subject to the rights of first mortgagees, the proceeds from such insurance shall be available, as the Board shall reasonably determine, for repairs, reconstruction and restoration. The policies obtained by the Association shall be deemed to be the primary insurance coverage for the property insured. To the extent feasible, the policy or policies of insurance shall contain a clause that coverage will not be terminated without at least thirty (30) days prior written notice to the Association and all mortgagees.

2. The Association may maintain a policy or policies of insurance, if available, providing for:

13

99-05-0206